# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　Plaintiff,<br>v.<br>SERGEY VLADIMIR AIZEN,<br>　　　　　　　　　Defendant. | Case No.: 16cr1836-LAB-1 and 17cv2330-LAB<br><br>**ORDER DENYING PETITION UNDER 28 U.S.C. SECTION 2255** |

Petitioner Sergey Vladimir Aizen pled guilty to importation of cocaine pursuant to a plea agreement. He was sentenced to 46 months' imprisonment followed by three years' supervised release. He filed an untimely notice of appeal, which was dismissed. The order dismissing his appeal noted that he was not foreclosed from filing a motion under 28 U.S.C. § 2255 bringing ineffective assistance of counsel claims, without explaining the factual basis for any of them.

On April 17, the Court issued an order pointing out the deficiencies in Aizen's petition, and giving him leave to amend it no later than May 17, 2018. If he did not amend his petition, the order cautioned, the Court would rule on his unamended petition. The order, citing *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir.1993), pointed out that merely conclusory claims do not warrant relief. The order, citing *Strickland v. Washington*, 466 U.S. 668, 687–88, 692 (1984), pointed

1

| | |
|---|---|
| 1 | out that, to obtain relief, Aizen was required to show both that his counsel's |
| 2 | performance fell below an objective standard of reasonableness, and that it |
| 3 | prejudiced him. Aizen knew that his counsel's performance was presumed to be |
| 4 | competent, and that it was his burden to establish ineffective assistance of |
| 5 | counsel; his own § 2255 petition (citing *Strickland*) says as much. (*See* Docket no. |
| 6 | 35 at 2.) The Court granted Aizen more time to amend his petition (Docket no. 39), |
| 7 | but he has failed to do so. |

As the April 17 order pointed out, the record shows that some of Aizen's claims are baseless. For example, he claimed his attorney failed to negotiate a plea agreement for him. In fact, Aizen's attorney did negotiate a plea agreement; it is filed in the docket (Docket no. 17), and Aizen both signed it and initialed each page, signifying that he had read it and understood it. (*See id.* at 12:20–13:1.) The record also shows that Aizen understood the risks and benefits of pleading guilty pursuant to the plea agreement. (*See* Docket nos. 15, 19.)

The remaining claims are purely conclusory, and are supported by no factual allegations. "Merely conclusory statements in a § 2255 motion are not enough to require a hearing." *Johnson*, 988 F.2d at 945 (quoting *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980)).

Because record shows that Aizen is entitled to no relief on some of his claims, and because all of them are purely conclusory, no hearing on his § 2255 petition is necessary. The petition is **DENIED**.

**IT IS SO ORDERED**.

Dated: March 20, 2019

*[signature]*
Hon. Larry Alan Burns
Chief United States District Judge